# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C., <br><br> Non-Party Movant. | Misc. Civil Case No. _____ <br><br> **Underlying Litigation:** <br><br> *Thomas E. Reynolds, as trustee, v. Behrman Capital IV L.P., et al.* <br><br> Case No. 2:18-cv-00514-ACA <br><br> **United States District Court for the Northern District of Alabama** |

## NON-PARTY MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.'S MOTION TO QUASH SUBPOENA <u>OR FOR A PROTECTIVE ORDER</u>

Non-party Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C. ("Mintz") moves this Court pursuant to Rule 45(d) to quash the subpoena for a deposition of Mintz pursuant to Rule 30(b)(6) issued by the Plaintiff in *Thomas E. Reynolds, as trustee, v. Behrman Capital IV L.P., et al.*, Case No. 2:18-cv-00514-ACA, pending in the United States District Court for the Northern District of Alabama, or, in the alternative, for a protective order under Rule 26(c). The Plaintiff previously conducted an examination pursuant to Fed. R. Bankr. P. 2004 of Mintz attorney and partner, Hope Foster, and covered in that examination substantially all of the topics described in the deposition notice at issue here. In a legal malpractice action that

Plaintiff brought against Mintz and in which Mintz obtained summary judgment on all of Plaintiff's claims—which was affirmed by the United States Court of Appeals for the Eleventh Circuit—Plaintiff never even sought to depose Mintz during the course of nearly two years of litigation in the Alabama district court. Instead, Plaintiff agreed that the parties could use Foster's Rule 2004 examination as if it were a 30(b)(6) deposition of Mintz.

Under these circumstances, Plaintiff's effort to depose Mintz on topics that have already been addressed in depth in prior testimony or which Plaintiff failed to obtain during the course of multi-year litigation against Mintz constitutes an undue burden; is unnecessarily cumulative and duplicative; and is harassing and therefore should not be allowed as set forth more fully in the accompanying memorandum of law. Additionally, Mintz lacks substantive responsive information concerning the remaining topics described in the subpoena. Accordingly, this Court should quash the subpoena or, alternatively, issue a protective order.

Pursuant to Local Rule 7(m), on August 9, 2022, counsel for Mintz conferred by telephone with Plaintiff's counsel regarding this motion. The motion is opposed.

Respectfully submitted,

/s/ *Jackson R. Sharman, III*
One of the Attorneys for Non-Party Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

1

OF COUNSEL:
Jackson R. Sharman, III (DC Bar #428799)
*jsharman@lightfootlaw.com*
Wesley B. Gilchrist (*pro hac vice* forthcoming)
*wgilchrist@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 North 20th Street
Birmingham, AL  35203-3200
(205) 581-0700

*Attorneys for Defendant Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C.*

## **CERTIFICATE OF SERVICE**

I certify that on August 9, 2022, a copy of the foregoing was electronically filed with the Clerk of the Court, using the ECF system.  I further certify that a copy of the foregoing will be sent by email to counsel for the Plaintiff and Defendants in *Thomas E. Reynolds, as trustee, v. Behrman Capital IV L.P., et al.*, Case No. 2:18-cv-00514-ACA, pending in the United States District Court for the Northern District of Alabama.

*/s/ Jackson R. Sharman, III*
Of Counsel